**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Gerald Dewayne Powell, Appellant.

Appellate Case No. 2016-001574

Appeal From Greenville County
James R. Barber, III, Circuit Court Judge

Unpublished Opinion No. 2018-UP-379
Submitted September 1, 2018 – Filed October 10, 2018

**AFFIRMED**

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Watson v. Ford Motor Co.*, 389 S.C. 434, 447, 699 S.E.2d 169, 176 (2010) ("The qualification of a witness as an expert is within the trial court's

discretion, and this [c]ourt will not reverse that decision absent an abuse of discretion."); *id.* ("In determining a witness's qualifications as an expert, the trial court should not have a solitary focus, but rather, should make an inquiry broad in scope."); *id.* ("The test for qualification of an expert is a relative one that is dependent on the particular witness's reference to the subject."); *State v. Martin*, 391 S.C. 508, 513, 706 S.E.2d 40, 42 (Ct. App. 2011) ("Before a witness is qualified as an expert, the trial court must find (1) the expert's testimony will assist the trier of fact[;] (2) the expert possesses the requisite knowledge, skill, experience, training, or education[;] and (3) and the expert's testimony is reliable."); *State v. Weaverling*, 337 S.C. 460, 474, 523 S.E.2d 787, 794 (Ct. App. 1999) ("The question of whether to admit or exclude testimony of an expert witness is within the discretion of the trial court."); *State v. Jones*, 417 S.C. 319, 327, 790 S.E.2d 17, 21 (Ct. App. 2016) ("This court will not disturb the [trial] court's admissibility determinations absent a prejudicial abuse of discretion."), *aff'd as modified*, 423 S.C. 631, 817 S.E.2d 268 (2018); *State v. Brown*, 411 S.C. 332, 338, 768 S.E.2d 246, 249 (Ct. App. 2015) ("An abuse of discretion occurs when the [trial] court's conclusions 'either lack evidentiary support or are controlled by an error of law.'" (quoting *State v. Kromah*, 401 S.C. 340, 349, 737 S.E.2d 490, 495 (2013))), *abrogated on other grounds by State v. Jones*, 423 S.C. 631, 817 S.E.2d 268 (2018); *State v. Grubbs*, 353 S.C. 374, 379, 577 S.E.2d 493, 496 (Ct. App. 2003) ("A trial court's ruling on the admissibility of an expert's testimony constitutes an abuse of discretion where the ruling is manifestly arbitrary, unreasonable, or unfair."); *Brown*, 411 S.C. at 339, 768 S.E.2d at 249 ("To show prejudice, the appellant must prove 'that there is a reasonable probability the jury's verdict was influenced by the challenged evidence or the lack thereof.'" (quoting *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005))); *State v. White*, 382 S.C. 265, 274, 676 S.E.2d 684, 688 (2009) ("The foundational reliability requirement for expert testimony does not lend itself to a one-size-fits-all approach . . . ."); *id.* at 274, 673 S.E.2d at 688-89 ("[T]he trial court in the discharge of its gatekeeping role in determining admissibility must initially answer the always present threshold questions of qualification and reliability."); *State v. Jones*, 423 S.C. 631, 640, 817 S.E.2d 268, 272 (2018) ("Trial courts are tasked only with determining whether the basis for the expert's opinion is sufficiently reliable such that it [may be] offered into evidence."); *id.* at 639-40, 817 S.E.2d at 272 (finding an expert meet the reliability requirement by testifying her opinions were supported by peer-reviewed publications, which were uniformly accepted by other professionals in the field); *Weaverling*, 337 S.C. at 474, 523 S.E.2d at 794 ("Expert testimony concerning common behavioral characteristics of sexual assault victims and the range of responses to sexual assault encountered by experts is admissible."); *id.* at 475, 523 S.E.2d at 494 ("Such testimony is relevant

and helpful in explaining to the jury the typical behavior patterns of adolescent victims of sexual assault.").

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.